[Crim. No. 2466. In Bank.—January 5, 1923.]

In the Matter of the Application of JOHN H. MURPHY for a Writ of Habeas Corpus.

[1] STREETS—SAN FRANCISCO — REGULATION OF TRAFFIC — SUPREMACY OF GENERAL LAWS.—The general laws of the state with respect to traffic regulation are not superseded by the provision of the charter of the city and county of San Francisco empowering the board of supervisors, except as otherwise provided in the charter or in the state constitution, to regulate and control the use of the streets therein.

[2] MOTOR VEHICLE ACT—CONTROL OF TRAFFIC—RESTRICTION OF LOCAL AUTHORITIES—VALID ENACTMENT.—Subdivision (d) of section 22 of the Motor Vehicle Act (Stats. 1919, p. 191) restricting local authorities in their control of traffic within their respective jurisdictions to the subjects enumerated therein, is a valid enactment and not an attempted statutory curtailment of the authority of the local legislative bodies.

[3] ID. — OPERATION OF VEHICLES IN UNSAFE MANNER — SAN FRANCISCO ORDINANCE—CONFLICT WITH STATE LAW.—Section 2 of Ordinance 1857 (New Series) of the city and county of San Francisco prohibiting the operation of vehicles in an unsafe manner upon the streets therein is in conflict with subdivision (a) of section 20 of the Motor Vehicle Act and therefore void under section 11, article XI of the constitution.

[4] ID.—CONVICTION UNDER INVALID ORDINANCE—SUFFICIENCY OF COMPLAINT UNDER MOTOR VEHICLE ACT—EFFECT OF.—A person con-

1. Conflict between statutes and local regulations as to automobiles, notes, 21 A. L. R. 1186; L. R. A. 1918D, 137.

victed of a misdemeanor in violating an ordinance of the city and county of San Francisco by operating an automobile in a careless and reckless manner upon a street therein and who was sentenced to imprisonment in the county jail for fifty days is not entitled to his discharge on *habeas corpus* because of the invalidity of such ordinance, where the complaint, although not in the exact language of the Motor Vehicle Act, is in substance the same and clearly recites an offense defined therein.

[5] ID.—JUDGMENT—DESCRIPTION OF MISDEMEANOR—REFERENCE TO ORDINANCE.—A judgment of conviction of a misdemeanor in violating a municipal ordinance is not void in omitting to add the words "New Series" after the number of the ordinance in describing the misdemeanor, it not being a jurisdictional defect.

PROCEEDING on Habeas Corpus to obtain release after conviction on a charge of driving an automobile in violation of a city ordinance. Writ discharged. Prisoner remanded.

The facts are stated in the opinion of the court.

Clarence A. Henning for Petitioner.

R. M. J. Armstrong for Respondent.

LAWLOR, J.—Petitioner, Della Murphy, instituted this proceeding to secure the release of one John H. Murphy, who was convicted of a misdemeanor in violating Ordinance No. 1857 (New Series) of the city and county of San Francisco by operating an automobile in a careless and reckless manner upon a street in the said city and county, and who was sentenced to imprisonment in the county jail for fifty days. A writ of *habeas corpus* was issued by this court and it is now contended that the said ordinance is unconstitutional and void on the ground that it is in conflict with the provisions of the Motor Vehicle Act (Stats. 1919, p. 191) and that the said John H. Murphy should be discharged.

[1] Preliminarily it may be said that under the decision in *Ex parte Daniels*, 183 Cal. 636 [192 Pac. 442], it cannot be held that the general laws of the state with respect to traffic regulations are superseded by the provisions of the charter of the city and county of San Francisco that "Except as otherwise provided in this Charter or in the Constitution of the State of California [the Board of

Supervisors shall have power] to regulate and control for any and every purpose, the use of the streets, highways, public thoroughfares, public places, alleys and sidewalks of the City and County.'' (Subd. 2, sec. 1, chap. II, art. II.) In that case the court reached the conclusion that ''the regulation of traffic upon the streets of a city is not one of those municipal affairs in which by the Constitution chartered cities are given a power superior to that of the state legislature, but that such power is subject to the general laws of the state, and ordinances inconsistent therewith are invalid.'' It was there held that notwithstanding a provision in the charter of the city of Pasadena which delegated the power to regulate traffic to the city, an ordinance passed for that purpose was in conflict with the general law and invalid.

Section 22, subdivision (d), of the Motor Vehicle Act, provides that ''Limitations as to the rate of speed herein fixed shall be exclusive of all other limitations fixed by any law of this state or any political subdivision thereof. Local authorities shall have no power to enact, enforce or maintain any ordinance, rule or regulation in any way in conflict with, contrary to or inconsistent with the provisions of this act,'' excepting the regulation of traffic at street crossings or where traffic is heavy, of vehicles offered to the public for hire, of streets for the use of processions and assemblages of traffic in cemeteries and parks, of vehicles used for carrying merchandise and freight, for use of trailers, the exclusion of heavily laden vehicles from particular streets or the declaration that they should be ''one way'' streets. Section 2 of Ordinance No. 1857 (New Series) of the city and county of San Francisco provides that ''Every person, riding, driving, propelling or in charge of any vehicle upon any of the streets, shall ride, drive or propel such vehicle upon such streets in a careful manner and with due regard to the safety and convenience of pedestrians and all other vehicles upon such streets.'' Section 11, article XI, of the constitution is as follows: ''Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws.''

[2] It is necessary to determine whether the legislature, by section 22, subdivision (d), may lawfully restrict the local authorities in their control of traffic within their re-

spective jurisdictions to the subjects enumerated therein. In *Ex parte Daniels, supra,* it is said that ''The legislative declaration that 'local authorities shall have no power to enact, enforce or maintain any ordinance, rule or regulation in any way in conflict with, contrary to or inconsistent with the provisions of this act' amounts to no more than the similar constitutional declaration that general laws control municipal police regulations. (Const., art. XI, sec. 11.) If it were to be construed as an attempt to limit the power of local legislative bodies to pass regulations not inconsistent with such general law it would of course be unconstitutional.'' It is further stated in the same opinion that ''It cannot be doubted that the legislature in enacting section 22 (d) with relation to the authority of municipalities to regulate speed intended to occupy the whole field of traffic regulation'' and that ''This legislation would seem to occupy the whole field of traffic regulation.''

The Motor Vehicle Act being intended to cover the whole field of traffic regulation, any local ordinance on that subject in conflict with it would be unconstitutional and void without the declaration to that effect in the act. And if the legislature had the power to enact the statute, intending it to cover the whole field of traffic regulation, it also had authority to make the exceptions enumerated in section 22, which amounted to a declaration that they should not be included in the general scheme of legislation. Section 22, subdivision (d), must therefore be regarded as excluding such exceptions from the operation of the act. Such subjects being excepted from the field of regulation of the general law, local ordinances with respect to them are not in conflict with it. But conversely, other subjects, not so excepted, falling within the scope of the act, must be considered as included in its operation and may not be affected by inconsistent local ordinances. Viewed in this light, section 22, subdivision (d), is a valid enactment and not an attempted statutory curtailment of the authority of the local legislative bodies. The ordinance involved in the case at bar does not fall within any of the exceptions to that subdivision.

[3] Section 20, subdivision (a), of the Motor Vehicle Act provides: ''The driver or operator of any vehicle in or upon any public highway shall drive or operate such

vehicle in a careful manner with due regard for the safety and convenience of pedestrians and of all other vehicles or traffic upon such highway, and wherever practicable shall travel on the right-hand side of such highway." (Stats. 1919, p. 215.) The section contains other subdivisions specifically providing certain rules of conduct on the part of drivers of vehicles, as for instance, giving signals upon turning at intersections. It also regulates the speed of vehicles, fixing a general maximum limit and maximum limits for business and other closely built-up districts and' for other localities such as crossings. Thus it prohibits the operation of vehicles in an unsafe manner at any time and declares that in particular contingencies a failure to follow the rules there laid down is unsafe. Ordinance No. 1857 (New Series) of the city and county of San Francisco prohibits the operation of vehicles in an unsafe manner, without defining what shall constitute an unsafe method of operation. It is at once apparent that the two laws prohibit the same acts.

In the case of *In re Sic*, 73 Cal. 142 [14 Pac. 405], wherein was involved an ordinance which was intended to prohibit opium dens, and which was substantially the same as a section of the Penal Code, it was said: "It would seem that an ordinance must be conflicting with the general law which may operate to prevent a prosecution of the offense under the general law. The Constitution provides that no one shall be twice put in jeopardy for the same offense. If tried and convicted or acquitted under the ordinance, he could not be again tried for the same offense under the general law. The contrary doctrine has been held in some states, but this conclusion seems more in consonance with reason and justice. . . . It will be observed that we only hold that there is a conflict where the ordinance and the general law punish precisely the same acts."

It was held in *Ex Parte Daniels, supra*, that "If we seek to uphold the local legislation by concluding that it is not in conflict with the state law for the reason that the ordinance, as well as the state law, prohibits an unreasonable speed, we are met with the proposition that a local ordinance cannot prohibit exactly the same thing prohibited by the state law and still be valid."

It follows that section 2 of Ordinance 1857 (New Series) of the city and county of San Francisco is in conflict with the general law of the state and therefore void under section 11, article XI, of the constitution.

[4] However, we are of the opinion that the prisoner is not entitled to his discharge, but that his conviction may be upheld under the provisions of the Motor Vehicle Act. As already pointed ont, section 22 (a) of the Motor Vehicle Act and section 2 of Ordinance 1857 (New Series) prohibit the same acts. Section 83 of the ordinance provides a penalty for a violation of its provisions consisting of a fine of not more than one hundred dollars or imprisonment for not more than fifty days, or both. Section 32a of the Motor Vehicle Act provides that "Excepting as in this act otherwise provided, or where a different penalty is expressly fixed by this act, any person violating any of its provisions . . . shall be guilty of a misdemeanor, and upon conviction thereof, unless in this act otherwise provided, shall be punished by a fine not exceeding five hundred dollars or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment." (Stats. 1919, p. 225.) Certain specified acts are declared by the statute to be misdemeanors, others are made felonies and in addition to the punishment provided for a violation of its terms courts are empowered to suspend an operator's or chauffeur's license for a period of thirty days and such license may be revoked by the motor vehicle department. The penalty for the act in question in the case at bar is provided by section 32a.

In the *Matter of Rogers,* 160 Cal. 764 [118 Pac. 242], the prisoner was arrested on a charge of violating the provisions of section 330a of the Penal Code, making it a misdemeanor to keep or maintain any mechanical device upon the result of the operation of which money or other valuable thing is staked or hazarded. The court said: "The prisoner's machine, operated as it is manifestly designed to operate, is nothing more nor less than a lottery as defined in section 319 of the Penal Code, and by section 320 every person who contrives, prepares, or sets it up is guilty of a misdemeanor. And, so far as lawfulness of the imprisonment is concerned, it is of no consequence that a violation of section 330a was charged in the complaint, instead of sections 319, 320, under which the facts bring the offense."

This reasoning is equally applicable to the case at bar and the prisoner's conviction and detention under the Motor Vehicle Act entirely lawful if a commission of the offense there defined is charged by the complaint. In *Ex parte Mansfield*, 106 Cal. 400 [39 Pac. 775], the petitioner was convicted under a complaint of carrying on the business of selling liquor without having first procured a license so to do, contrary to ordinance number 124 of Butte County, which in section 1 required that such a license be procured and in section 5 provided that anyone failing to procure such a license should be guilty of a misdemeanor. It was held section 1 was a valid exercise of the licensing power of the county, but that the penal provision of section 5, which was severable from the remainder of the statute, conflicted with section 435 of the Penal Code, which provides: "Every person who commences or carries on any business, trade, profession, or calling, for the transaction or carrying on of which a license is required by any law of this state, without taking out or procuring the license prescribed by such law, is guilty of a misdemeanor." The question was presented whether a crime was charged under section 435, inasmuch as the complaint did not follow the language of that section and only charged the commission of an offense under ordinance number 124. The court considered the common-law rule that in charging a statutory crime the conclusion of an indictment *contra formam statuti* is required and it was held that the complaint was sufficient. It was there said: "The defendant in this case was plainly informed of the nature of his offense. It consisted, in the language of the complaint, in carrying on the business of selling distilled, fermented, malt, vinous, and other spirituous liquors and wines without having procured a license so to do, contrary to the provisions of ordinance No. 124 of Butte county, California, which ordinance is fully set forth. This was his alleged offense. If guilty of it he became amenable to section 435 of the Penal Code. . . . The essentials to a criminal complaint in a justice's or police court, as set forth in section 1426 of the Penal Code, do not include a conclusion to the statute. *Expressio unius est exclusio alterius.* As to complaints for misdemeanors, in justices' and police courts at least, the common-law rule has been changed. The

complaint in this case complies with the requirements of the law, and states a cause of action against the defendant.''

In this case the complaint charged that the prisoner ''did willfully and unlawfully drive, ride, propel and operate said vehicle upon a certain Fell Street, between Masonic Avenue and Ashbury Street, in the City and County of San Francisco, State of California, in a careless and reckless manner without due regard to the safety and convenience of pe-destrians and other vehicles upon said street.

''Thereby violating the provisions of Sections 2 and 83 of Ordinance No. 1857 (New Series) of the Board of Supervisors of the City and County, contrary to the form, force and effect of the Statute in such case made and provided, and against the peace and dignity of the People of the State of California.'' While it was not in the exact language of the Motor Vehicle Act, it is in substance the same and could not have failed to inform the prisoner of the nature of his offense and it clearly recited an act forbidden by the Motor Vehicle Act.

[5] It is urged on behalf of petitioner that the judgment is void in that in describing the misdemeanor of which the prisoner was convicted it omits to add the words ''New Series'' after the number of the ordinance. This is not a jurisdictional defect (*Ex parte Turner*, 75 Cal. 226 [16 Pac. 898]), and in addition we are holding it is not a prosecution under the ordinance but one under the Motor Vehicle Act. The other specifications in support of the petition are without merit for the same reasons.

The writ is discharged and the prisoner remanded.

Shaw, C. J., Wilbur, J., Waste, J., Lennon, J., and Ward, J., concurred.

Rehearing denied.

Wilbur, C. J., Lawlor, J., Lennon, J., Waste, J., Kerrigan, J., and Myers, J., concurred.