[L. A. No. 8956. Department Two.—December 16, 1927.]

ATLAS MIXED MORTAR COMPANY (a Corporation), Appellant, v. CITY OF BURBANK (a Municipal Corporation) et al., Respondents.

[1] STREETS — REGULATION — JURISDICTION OF STATE.—The regulation and control of travel and traffic along the public roads, streets, and highways of the state of California, if ever it was such, has ceased to be a matter of local concern.

[2] ID. — GENERAL REGULATION BY STATE. — When the state adopts a general scheme for the regulation and control of motor vehicles upon the public highways of the state, the entire control over whatever phases of the subject are covered by state legislation cease in so far as municipal or local regulation is concerned.

[3] ID.—CITY STREETS—REGULATION OF WEIGHT OF MOTOR VEHICLES—INVALID ORDINANCE.—An ordinance of a municipality limiting the operation upon and along its streets of motor vehicles having a gross weight in excess of six thousand or eight thousand pounds is void as in violation of the provisions of the Motor Vehicle Act.

(1) 42 C. J., p. 618, n. 43.　(3) 42 C. J., p. 618, n. 47; 31 Cyc., p. 333, n. 76.

APPEAL from a judgment of the Superior Court of Los Angeles County. Hartley Shaw, Judge. Reversed.

The facts are stated in the opinion of the court.

E. R. Young and E. L. Searle for Appellant.

George D. Blair, and James H. Mitchell for Respondents.

RICHARDS, J.—This is an appeal from a judgment of the superior court of the county of Los Angeles directing a dismissal of this action after an order of the court sustaining the demurrer of the defendants to the plaintiff's amended complaint. The action was instituted by the plaintiff for the purpose of obtaining an injunction restraining the respondent, City of Burbank, a municipal corporation, and also its co-defendants, its board of trustees and other officers of said City, from the enforcement of certain ordi-

1. See 3 Cal. Jur. 773, 793.

nances enacted by said City through its said officials, regulating the use of commercial vehicles upon certain streets and highways within the corporate limits of said City, and to have said ordinances declared illegal and void. The facts out of which said action arose are briefly these: The plaintiff and appellant is a corporation which has for many years been engaged in the business of mixing and manufacturing mortar, plaster, cement, and kindred products, and of supplying its customers with such products, and also of furnishing to them sand, gravel, and crushed rock from its quarries. For these purposes plaintiff maintains a mixing and manufacturing plant in the City of Los Angeles, and it also owns and operates certain quarries upon a leasehold interest in certain lands located in Stough Canyon, which lies to the eastward and contiguous to the City of Burbank. The appellant's quarries thus located are surrounded by steep hills, the only road leading to and from the same traversing said Stough Canyon and at the mouth thereof entering the limits of the City of Burbank on its northeasterly side. At the point of its said entry into the City of Burbank said roadway connects with and merges into a certain street or highway in said City officially named as Eleventh Street, but sometimes known as Sunset Canyon Drive, which street or drive leads into certain other streets within said City, including a street or avenue known as Cypress Avenue, which extends from Sunset Canyon Drive to the San Fernando road within said City. The plaintiff alleges that its only means of ingress to and egress from its said quarries, and its only means of travel therefrom whereby its trucks, drays, or other vehicles can convey the said, gravel, and crushed rock, the products of its said quarries, to its customers or to its mixing plant in the City of Los Angeles, is on and along the aforesaid streets, highways, and avenues of the City of Burbank in order to reach said San Fernando road. Plaintiff further alleges that commencing with August 21, 1923, and continuing at intervals thereafter down to April 7, 1925, the City of Burbank proceeded to enact a series of ordinances undertaking to regulate the weight and travel of commercial vehicles upon and along certain of its streets, and among these the streets or avenues above named, the effect of which ordinances, if valid, was to render unlawful the use and travel of com-

mercial vehicles carrying such products or loads as the plaintiff produces in its quarries, in excess of the weight, in some instances, of 6,000 pounds, and in others of 8,000 pounds, upon or along said designated streets. It further alleges that the City of Burbank is proceeding to enforce said ordinances through the arrest or threatened arrest of its agents and employees when engaged in transporting its said products in its trucks, drays, or other vehicles carrying loads in excess of the weights described in said ordinances, and that unless the City of Burbank and its officials are restrained from so doing the plaintiff will be forced to abandon and discontinue the use of its property and equipment located in Stough Canyon and its quarries and the transportation of the products thereof by its only means of ingress to and egress from its said properties. The plaintiff avers that said ordinances of the City of Burbank are void as in violation of the provisions of that certain act of the legislature known as the Motor Vehicle Act, as amended in 1923 (Stats. 1923, p. 517). The trial court sustained a general demurrer interposed by the defendants to the plaintiff's amended complaint, and upon the latter's failure to amend within the time allowed, made and entered its order and judgment dismissing said action.

The sole question presented upon this appeal is as to the validity of the aforesaid ordinances of the City of Burbank, in view of the action of the legislature in the adoption of the Motor Vehicle Act and of the content of said act in so far as it relates to the weight of motor vehicles in the course of their use and transport upon and along streets and highways within the limits of municipal corporations. It is the contention of the respondents that in so far as the state legislature has attempted by means of said Motor Vehicle Act to prohibit municipalities from the passage of laws regulating the weight of motor vehicles in the course of their use and transport upon and along the streets and highways of such municipalities, other than strictly state highways, the provisions of said act are unconstitutional as in violation of the provisions of article XI, section 11, of the state constitution. The theory of the respondents in making this contention is that the control of streets and highways for the purpose of regulating traffic thereon is a municipal affair. [1] That this contention is without merit has been

made clear by this court and also by the appellate court of
this state in recent decisions, wherein it has been held that
the regulation and control of travel and traffic along the
public roads, streets, and highways of the state of California,
if it ever was such, has ceased to be a matter of local con-
cern. The leading recent case upon this subject is *Ex parte
Daniels,* 193 Cal. 636 [21 A. L. R. 1172, 192 Pac. 442],
which decision has been generally followed by the appellate
tribunals of this state since its pronouncement in 1920, in
their interpretation of the Motor Vehicle Act and its several
amendments adopted since that date. The most recent de-
cision of this court touching this subject is to be found in
the case of *In re Murphy,* 190 Cal. 286 [212 Pac. 30],
wherein the rule laid down in *Ex parte Daniels, supra,* was
given application to chartered cities whenever the ordinances
of such cities in attempted regulation of traffic and travel
upon or along their streets, highways, or avenues were
found to be in conflict with the Motor Vehicle Act. For
a better reason the rule thus declared would have application
to municipalities formed under general laws, of which the
City of Burbank is one, being a municipality of the sixth
class. **[2]** The effect of these several decisions is to declare
that whenever the state of California sees fit to adopt a
general scheme for the regulation and control of motor
vehicles upon the public highways of the state, the entire
control over whatever phases of the subject are covered by
state legislation ceases in so far as municipal or local regu-
lation is concerned. Having in view the state of the law as
declared by these recent decisions, we are brought to a con-
sideration of the terms of the Motor Vehicle Act as amended
in 1923, in so far as the provisions of the act relate to the
weight of motor vehicles when in use upon the public streets
or highways of the state of California, in and out of cities.
Section 21 of the Motor Vehicle Act (Stats. 1923, pp. 519,
520) defines public highways, as that term is employed in
the provisions of said act, to include "every highway, road,
street, alley, lane, court, place, trail, drive, bridge, viaduct
or trestle, laid out or erected as such by the public or
dedicated or abandoned to the public, or intended or used
by or for the general public, except such portions thereof
as are used or prepared for use by pedestrians as sidewalks,"
the only limitation upon this definition of a public highway

being that it shall not be deemed to include private driveways, roads, or places used by the owner or by his guests or those having business with him, and not intended to be otherwise used by the general public. Sections 85, 86, and 88 of said act proceed to deal with the gross weight of vehicles or loads which shall be operated or moved upon any public highway. Without going into detail as to the somewhat involved provisions of these several sections of the act, it may be generally stated that they permit the operation of such vehicles, whether loaded or unloaded, having a minimum weight of 22,000 pounds and a maximum weight of 34,000 pounds, depending upon the number and kind of wheels with which such vehicles are equipped. The provisions of section 88 of the act refer to the authority which is thereby given to local governmental bodies with regard to the limitation of the weight limit specified in the immediately preceding sections of the act. Its provisions read as follows: "The legislative body of any county or city shall have power by ordinance to permit the operation and moving of vehicles and loads upon public highways and streets under their respective jurisdictions other than upon state highways of a maximum gross weight in excess of the maximum gross weight of vehicles and loads specified in section eighty-five of this act, but shall have no power to require lighter loads than specified in this act on any improved public highway as such highway is defined herein, except as in this section otherwise provided." In a succeeding paragraph of said section 88 the term "improved public highway" is thus defined: "For the purpose of this act an improved highway is hereby defined to be a highway paved with cement concrete, or asphaltic concrete, or a highway having a hard surface and distinct roadway not less than four inches thick made up of a mixture of rock, sand, or gravel bound together by an artificial binding other than natural soil." The plaintiff in its amended complaint alleged that Cypress Avenue, within said City of Burbank, was an "improved public highway" within the meaning of said term as defined in the aforesaid provisions of section 88 of the Motor Vehicle Act, and was such at the time of the arrest or threatened arrest of plaintiff's agents and employees thereon for the alleged violation of the aforesaid ordinances of said City, attempting to regulate the weight of motor vehicles used in commercial

transportation upon and along the streets of said City. [3] The allegations of plaintiff's amended complaint being taken to be true for the purposes of demurrer, it would seem irresistibly to follow that the provisions of the ordinances of said City which purport to limit the operation of such vehicles upon and along its said street, having a gross weight in excess of 6,000 or 8,000 pounds are void as in violation of the aforesaid provisions of the Motor Vehicle Act wherein the regulation of the weight of such vehicles when used in travel or traffic along improved public highways, whether in or out of cities, is completely covered. We can perceive no difference in principle between the questions presented to this court in the case of *Ex parte Daniels, supra,* and *In re Murphy, supra,* and those presented upon this appeal.

It follows that the judgment of the trial court in dismissing this action must be and the same is reversed, and said court is directed to enter an order overruling the defendants' demurrer to plaintiff's amended complaint.

Shenk, J., and Langdon, J., concurred.