[Cr. A. No. 593. Appellate Department, Superior Court, Los Angeles County.—March 7, 1931.]

THE PEOPLE, Respondent, v. E. H. HUCHSTEP, Appellant.

[1 Cal. Supp. 142.]

Ivan Kelso, L. D. Stahl, Maynard Garrison and Thomas J. White for Appellant.

Buron R. Fitts, District Attorney, and Tracy C. Becker, Deputy District Attorney, for Respondent.

McLUCAS, P. J.—Defendant was convicted of violation of a city ordinance which provided that it should be "unlawful for any person driving or having the immediate control of any vehicle, to drive the same upon any public highway with any light visible from directly to the rear thereof other than the rear red light provided for in section 106 of the California Vehicle Act as amended in 1929". The ordinance excepts automatic stop signals, police and fire department vehicles and ambulances and vehicles operated by physicians on emergency calls. The complaint charges that defendant "did wrongfully and unlawfully violate city ordinance No. 157 of the city of Hawthorne, to-wit: Did display contrary to city ordinance, light other than red from the rear of automobile within the corporate limits of the city of Hawthorne". It is doubtful whether the complaint charges a public offense, since it is not alleged that defendant drove a vehicle upon the public highway. It appears from the evidence that defendant was driving his automobile on the city streets of Hawthorne, with a blue light attached to the rear of his automobile in addition to the red light required by the Motor Vehicle Act. It does not appear from the evidence whether defendant was driving in the night-time or daytime, nor does it appear that the blue light was visible from the rear, as forbidden by the ordinance. In the California Vehicle Act as amended in 1929 there appear certain requirements as to the lighting of motor vehicles. (Secs. 99–111½,

California Vehicle Act [Stats. 1923, p. 517].) Section 99 (Stats. 1923, p. 546) provides that every vehicle when upon any public highway during the period from a half-hour after sunset to a half-hour before sunrise and at any other time when there is not sufficient light to render clearly discernible a person or other substantial object on the highway at a distance of 200 feet ahead "shall be equipped with lighted lamps and lighted headlights as herein specifically provided". Section 106, California Vehicle Act (Stats. 1923, p. 551), requires such motor vehicles to carry at the rear a red light and a white light illuminating the number plate. Section 100, subdivision d, California Vehicle Act (Stats. 1929, p. 531, sec. 39), requires every motor vehicle having a body or load width in excess of 80 inches, to carry a red or green clearance light located at the rear of the vehicle on the left side, visible under normal atmospheric conditions from a distance of 500 feet to the rear of the vehicle. The terms of the ordinance would seem to forbid such clearance light since by the state law it is required to be "visible from directly to the rear thereof" as stated in the ordinance. Section 110, California Vehicle Act (Stats. 1923, p. 552), requires an additional red light at the extreme end of a load projecting more than four feet, yet such additional light would not be authorized by the ordinance. No other provisions as to additional rear lights except those required in section 106 are to be found in the California Vehicle Act. ▉ Examination of sections 99 to 111½ of the Vehicle Act (Stats. 1923, p. 517) discloses that the legislature has adopted a general plan for the regulation and control of lights upon motor vehicles; e. g., head-lamps and side-lamps are limited to two, no more and no less in section 100, subdivisions a and c (Stats. 1929, p. 531, sec. 39); auxiliary or fog lamps are limited to three in section 100½ (Stats. 1929, p. 533, sec. 40). Under section 100, subdivision d, there shall be two clearance lamps on the left side and under section 103 (Stats. 1923, p. 550) every motorcycle shall have not more than two headlights, and under section 108 (Stats. 1927, p. 1435, sec. 28) motor vehicles may be equipped with not to exceed two spotlights. Section 110 authorizes an additional red light at the rear on the extreme end of prejecting loads. Section 111 (Stats. 1929, p. 536, sec.

42) forbids a red light visible at the front of a motor vehicle. There is no limitation as to the number of rear lights. In view of these limitations as to other lights, it seems manifest that the legislature did not intend to limit the lights visible from directly to the rear to the rear red light provided for in section 106 of the Vehicle Act as required by the ordinance, especially when it is seen that the California Vehicle Act requires additional lights visible to the rear in at least two instances. ''The regulation and control of travel and traffic along the public roads, streets and highways of the state of California, if it ever was such, has ceased to be a matter of municipal concern. . . . Whenever the state of California sees fit to adopt a general scheme for the regulation and control of motor vehicles upon the public highways of the state, the entire control over whatever phases of the subject are covered by state legislation ceases in so far as municipal or local regulation is concerned.''

*Atlas Mixed Mortar Co.* v. *City of Burbank,* 202 Cal. 660, 663 [262 Pac. 334]; *In re Murphy,* 190 Cal. 286 [212 Pac. 30]; *Lindenbaum* v. *Barbour,* (Cal. App.)* 293 Pac. 829; *Ex parte Daniels,* 183 Cal. 636 [21 A. L. R. 1172, 192 Pac. 442]. We hold the ordinance to be invalid as being in conflict with the state law and covering a phase of the subject of traffic regulation already covered by the state law.

The judgment is reversed, with directions to the trial court to dismiss the case.

Shaw, J., and Bishop, J., concurred.

---

*REPORTER'S NOTE.—A hearing was granted by the Supreme Court in the case of *Lindenbaum* v. *Barbour,* on December 29, 1930, and the opinion of the Supreme Court, filed July 30, 1931, is reported in 213 Cal. —— [2 Pac. (2d) 161].