[Civ. No. 5374. Third Appellate District.—November 7, 1935.]

JULIA KNOX, Appellant, v. FRANCES STUART PRYOR, Respondent.

J. Oscar Goldstein and W. H. Hatfield for Appellant.

Butler, Van Dyke & Harris for Respondent.

DEIRUP, J., *pro tem.*—This action was brought to recover damages for injuries sustained by plaintiff in an automobile accident in South Dakota. Plaintiff has appealed from a judgment entered in favor of defendant upon a verdict of a jury.

Plaintiff, defendant and two others were spending their vacation touring in the United States and Canada. Defendant furnished the automobile and the other three took care of expenses for gasoline, oil and tires. At the time of the accident they were on their way from Pierre, South Dakota, to the Black Hills. The road was macadamized and straight for a long distance, going over small knolls or hills from the tops of which it could be seen for miles ahead. Approaching the top of one of the hills defendant reduced the speed of her car from 30 or 35 miles an hour to about 26, but suddenly came upon a sharp curve to the right with the road banked to the left. She put on her brakes slightly and succeeded in negotiating the curve, but encountered loose gravel. There was testimony to the effect that the speed of the car was then eight miles per hour. The car swerved and turned over, falling on its side in a ditch about five feet deep, injuring plaintiff seriously.

The statute of South Dakota, regulating the speed of automobiles, in force at the time of the accident, was similar to that of California. It required that vehicles be driven "at a careful and prudent speed not greater than is reasonable

and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing", and made it *"prima facie* lawful" to drive at speeds not exceeding those specified, and *"prima facie* unlawful" to exceed "any of the speed limitations". One of the limitations was 15 miles an hour "in traversing a grade upon a highway when the driver's view is obstructed within a distance of 100 feet".

It is a proven fact in this case that the defendant traversed the grade at a speed in excess of the limit. Plaintiff contends that defendant thereby committed an act which was *prima facie* unlawful, that she did not overcome the burden cast upon her by the statute, and that she was therefore guilty of negligence as a matter of law. It having been proved that the defendant exceeded the speed limit, plaintiff asserts that she was as guilty as she would have been if the statute had made that act definitely unlawful unless she contradicted and overcame the *prima facie* unlawfulness by showing, for example, that the accident would have happened even if she had been traveling at a legal rate of speed.

The point in issue has not been adjudicated by the courts of South Dakota, but this court has held recently that driving an automobile at a rate exceeding the speed limit is not, in and of itself, a violation of the California Vehicle Act. (*In re Johnson* (*Moseley*), 6 Cal. App. (2d) 654 [45 Pac. (2d) 241].) · In that case Johnson had been charged with driving his car at a speed in excess of 45 miles an hour; had pleaded guilty and been sentenced, and had applied for a writ of *habeas corpus* upon the ground that he had been illegally deprived of his liberty because the complaint had not stated that the speed at which he was driving was greater than was reasonable or prudent. After stating the substance of the provisions of section 113 of the California Vehicle Act, Mr. Justice Plummer, writing the opinion of the court, said: "The language of these subdivisions leads us to the conclusion that the legislature intended and could only have intended that speeds in excess of those mentioned should not constitute, in and of themselves, substantive offenses . . . We think the language means, and the legislature intended that a speed in excess, for instance, of 45 miles an hour, is *prima facie* evidence of a violation of the prohibitory provisions of the section, which are found only in subdivision 'a'; that is,

a speed in excess of 45 miles an hour, for example, is a greater rate of speed than is prudent, reasonable or proper, having due regard to the traffic, surface, and width of the highway, and that such driving upon a public highway, at such speed, is to endanger the life, limb or property of some person. The section then gives the offending vehicle driver an opportunity to rebut the *prima facie* effect of the excessive speed, and show that none of the prohibitory provisions of the section have been violated. . . . Thus, the *prima facie* rule protects the officer in giving a citation, and afterwards, in filing a complaint, but it does not change the fact that the court must determine from the testimony, if any is offered, as to whether the offending driver has or has not violated some one of the prohibitory provisions found in subdivision 'a' of section 113, *supra*. In the first instance the officer has the advantage of the *prima facie* rule; that is, on the face of it, it appears that an offense has been committed by driving in a manner prohibited by subdivision 'a', *supra*. As against this *prima facie* showing, the driver of the vehicle may introduce testimony sufficient to convince the court that the speed was proper, having regard to the traffic, surface and width of the highway, and that the speed at which he was driving did not endanger the life, limb, or property of any person.''

Inasmuch as the act of the defendant in traversing the grade at a speed in excess of the legal limit was not in itself unlawful, negligence as a matter of law cannot be predicated upon it. ■ It was for the jury to determine from all the facts in the case, whether the defendant was guilty of negligence. It was in evidence that she had driven for miles along a road that stretched out across rolling country like a ribbon. From the tops of the knolls she had seen it cross similar small hills far ahead. There was no warning sign. The speed of the car was reduced to about 26 miles an hour, which was not excessive. Had it not been for the loose gravel, the defendant apparently would have experienced no serious difficulty. Under these circumstances we cannot say that she was negligent as a matter of law.

■ We must assume, furthermore, in support of the judgment, that the jury believed that the defendant, after traversing the crest of the hill at a speed in excess of the limit, reduced her speed to a lawful rate before she struck the loose gravel, and that at that time she was driving at a reasonable

and prudent rate of speed. In that event the proximate cause of the accident was not the excessive speed at which she had been driving (if, in fact, under all the circumstances, it was excessive), but was the bad condition of the road.

In view of the foregoing, it is unnecessary to pass upon the contention of the defendant that the plaintiff was a guest of the defendant and could not recover under the law of South Dakota without showing gross negligence, even though she paid a part of the expenses incident to the operation of the automobile.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.