BISHOP, J.
 

 An attempt was made, in a complaint sworn to before the trial judge, to charge the defendant with speeding. At the suggestion of the defendant but on the court’s
 
 *Supp. 767
 
 own motion, the case was dismissed with prejudice, before trial, the grounds given for the dismissal being that the provisions of section 510 and of paragraph 2 of section 511 of the Vehicle Code are unconstitutional, and that the complaint states conclusions of law rather than ultimate facts. From the order of dismissal the People have appealed. We have concluded that so far as they are brought into question at this stage of the prosecution, the Vehicle Code provisions are valid; that the complaint is faulty, but not for the reasons given; and that the order dismissing the case was proper, except that it should not have been with prejudice, but should have been for the purpose of amending the complaint.
 

 The complaint charged that the defendant had operated a vehicle (an automobile) 18 December 1939, on Firestone Boulevard near Bandera Street, in San Antonio township, “at a speed in excess of 25 miles per hour, to wit: 43 miles per hour, and in a careless and reckless manner, without due regard to the traffic, surface and width of the said highway and so as to endanger the life, limb and property of other persons at said time and place.” Further words indicate that the offense thus attempted to be charged occurred in a so-called 25-mile zone. This complaint does not state a public offense known to any existing state law or local ordinance of which we are aware. With this conclusion of the trial court, expressed in the opinion filed in support of its order, we are in agreement: There is no law which makes the speed of 43 miles per hour, even in a 25-mile zone, of itself unlawful. See
 
 Knox
 
 v.
 
 Pryor,
 
 (1935) 10 Cal. App. (2d) 76, 78 [51 Pac. (2d) 106], and case cited. Speed may be unlawful', but to be so it must offend the basic speed law which is expressed in section 510, Vehicle Code: “No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.”
 

 In the trial court’s opinion and in the arguments before us it has been assumed that the complaint was based on the section just quoted. A comparison of the section and of the complaint, however, proves the assumption to be ill founded. After stating the speed charged against the de
 
 *Supp. 768
 
 fendant, the complaint proceeds to characterize the manner in which the vehicle was operated as being careless and reckless, words not appearing in section 510. Furthermore, should it be conceded that “not reasonable or prudent” and “careless and reckless” are synonymous, the section applies the former to the
 
 speed
 
 at which a vehicle is driven, the complaint applies its substituted words to the
 
 manner
 
 of driving, which may well include many factors other than speed. The additional words of the complaint “and so as to endanger the life, limb and property of other persons” are descriptive, again, of the
 
 manner
 
 of operation; they do not charge a violation of the provision of section 510 that “in no event” shall one drive “at a
 
 speed
 
 which endangers the safety of persons or property.” This complaint might well have survived attack many years ago, see
 
 Ex parte Murphy,
 
 (1923) 190 Cal. 286, 293 [212 Pac. 30], for its counterpart, but sections 20 and 22 of the Vehicle Act (Stats, 1919, p. 215) there under review, have undergone many changes and neither section 510 nor any other present provision of law known to us serves to save the complaint in its present form.
 

 While it was proper, therefore, for the trial court to dismiss the complaint, the grounds expressly given for the dismissal indicate that it was believed that where the charge is speeding, a public offense cannot be stated and hence the dismissal was ordered with prejudice. We are of the opinion that this state does have a speed law; that a complaint can be drafted stating an offense based on speed; and that as the only tenable ground for dismissing the action was the faulty wording of the complaint, the dismissal should be for the purpose of permitting an amendment, to avoid the statutory bar to further proceedings, which the present order constitutes. (Sec. 1387, Pen. Code;
 
 People
 
 v.
 
 Ring,
 
 (1937) 26 Cal. App. (2d) (Supp.) 768, 770 [70 Pac. (2d) 281].)
 

 The trial court held “That section 510 of the Vehicle Code is violative of the state and federal constitutions as being too indefinite for any defendant to determine whether he is or is not violating the law.” The same criticism had been leveled at section 505 of the Vehicle Code, which prior to 1939 began: “Any person who drives any vehicle upon a highway in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is
 
 *Supp. 769
 
 guilty of reckless driving. ” It is obvious, we think, that the same principles are involved in the present attack on section 510 as were involved in that on section 505. The trial court was evidently of this opinion, for in support of its conclusion that section 510 is bad, it cited a decision of the Superior Court of Mariposa County, rendered in April, 1938, wherein a complaint based on section 505 was held insufficient on the asserted ground that it and the code were both too indefinite. The trial court failed to refer to the more recent case of
 
 People
 
 v.
 
 Smith,
 
 (1939) 36 Cal. App. (2d) (Supp.) 748 [92 Pac. (2d) 1039], wherein a complaint based on section 505 was upheld, many cases being cited where statutory provisions no more definite than those here attacked were upheld as valid and where the court quite plainly indicated its belief in the legal sufficiency of section 510, Vehicle Code.
 

 Among the eases cited in
 
 People
 
 v.
 
 Smith, supra,
 
 was
 
 Ex parte Daniels,
 
 (1920) 183 Cal. 636 [192 Pac. 442, 21 A. L. R. 1172], in which our Supreme Court had under consideration the argument that section 22 of the Vehicle Act (Stats. 1919, p. 220) was too indefinite in its provision that: “Any person operating or driving a motor or other vehicle on the public highways shall operate or drive the same in a careful and prudent manner and at a rate of speed not greater than is reasonable and proper.” The court, after some discussion of the problem, gave its decision in these words: (p. 647) “We must hold that the provision making it unlawful to travel at an unreasonable or unsafe speed and punishing the violation of such law as a crime is valid and constitutional legislation.”
 

 Gallaher
 
 v.
 
 State,
 
 (1923) 193 Ind. 629 [141 N. E. 347, 29 A. L. R. 1059], is a case so parallel with ours that it is worthy of notice; it even appears that the unlawful speed was 43 miles per hour in a 25-mile zone. Of greater significance, however, is the fact that the provisions of the statute involved were almost identical with those of section 510: “No person shall drive or operate a motor vehicle or motor bicycle upon any public highway in the state at a speed greater than is reasonable or prudent, having regard to the traffic and the use of the way or so to endanger the life or limb or injure the property of any person.” Objection was made that these provisions were so uncertain and indefinite that
 
 *Supp. 770
 
 they were void. The Indiana Supreme Court, after reviewing many cases, determined that the provisions of the statute before it were not uncertain and indefinite but were valid and enforceable.
 

 We have no hesitancy in declaring it to be our opinion that section 510, Vehicle Code, is an enforceable penal statute, and that one may be validly charged with a crime by a complaint which sets forth a violation of its terms.
 

 Another ground advanced in support of the trial court's order of dismissal was that the second paragraph of section 511, Vehicle Code, is unconstitutional. This section prefaces a number of provisions prescribing what are termed
 
 prima facie
 
 speed limits, applicable under varying conditions, as, for example, 25 miles in a business or residence district, with these two paragraphs: “The speed of any vehicle upon a highway not in excess of the limits specified in this section is lawful unless clearly proved to be in violation of the basic rule declared in section 510 hereof.
 

 “The speed of any vehicle upon a highway in excess of any of the limits specified in this section is
 
 prima facie
 
 unlawful unless the defendant establishes by competent evidence that any said speed in excess of said limits did not constitute a violation of the basic rule declared in section 510 hereof at the time, place and under the conditions then existing. ’ ’
 

 Plainly what the legislature has attempted to do is this: (1) Provide a rule of substantive law in section 510, creating the offense of speeding; (2) provide rules of adjective law in section 511, creating disputable presumptions to be observed in determining whether or not the basic speed law of section 510 has been violated. So understanding the purpose and effect of section 511 we conclude that the constitutionality of the provisions of section 511 is not a pertinent subject of inquiry before trial. If, as the trial court declared its belief to be, the legislature cannot constitutionally declare that a speed in excess of the rates therein fixed is to be presumed in violation of section 510, then there is no such presumption, and at the trial the violation will have to be established, if at all, without its aid. If, however, the provisions of section 511 are valid, as the court evidently believed in
 
 Knox
 
 v.
 
 Pryor, supra,
 
 10 Cal. App. (2d) 76 [51 Pac. (2d)
 
 *Supp. 771
 
 106], and in
 
 Ex parte Moseley,
 
 (1935) 6 Cal. App. (2d) 654 [45 Pac. (2d) 241], then the defendant will have to rebut the presumption or suffer conviction because he drove too fast. But whether we do or do not have a presumption is a question of interest only at the trial; it does not affect the sufficiency of the basic charge. We are expressing no opinion as to the constitutionality of the provisions of section 511, not because we entertain a doubt as to their validity, but because the question is not involved in reviewing a dismissal of the complaint before trial.
 

 For the reasons given, the order dismissing the case with prejudice is reversed with directions to the trial court to dismiss the case for the purpose of filing an amended complaint.
 

 Shaw, P. J., and Sehauer, J., concurred.