[Civ. No. 19011. First Dist., Div. Two. May 26, 1960.]

BIBER ELECTRIC COMPANY, INC. (a Corporation), Respondent, v. CITY OF SAN CARLOS et al., Appellants.

Melvin C. Cohn, City Attorney, and Michael Aaronson, Assistant City Attorney, for Appellants.

Dinkelspiel & Dinkelspiel and Alan A. Dougherty for Respondent.

GOOD, J. pro tem.*—In this action plaintiff sought declaratory relief and to enjoin enforcement of San Carlos' Ordinance Number 462 (codified § 4038) adopted October 14, 1958. The ordinance required the owner of every commercial vehicle driven on any San Carlos street by any person or firm subject to business licensing within said city to display a certain emblem on or near the left door of such vehicle. Each business licensee was entitled to one such emblem without fee and a charge of $1.00 was imposed for each additional emblem that might be required by a licensee. Plaintiff was an electrical contractor and subject to the San Carlos business license ordinance. It operated eight vehicles in its business. The preamble to Ordinance 462 recites that ready identification of business licensees would be facilitated by the use of such emblems and they "would, therefore, facilitate the policing of said City." Defendant appeals from a judgment declaring the ordinance unconstitutional. The declaratory judgment is supported by a specific finding that the ordinance is invalid because it attempts to impose additional requirements in fields that are pre-empted by the State of California.

The defendant argues that the imposition of a business license fee measured by the number of commercial vehicles of a firm using its streets is not an attempt to enter into a field pre-empted by the State. The argument might be valid if the charge imposed by the ordinance was a business license fee. But by its very terms, the taxable transaction involved in this ordinance is the use of city streets by commercial vehicles of business licensees. The city's next argument is that the ordinance in question is not regulatory because any licensee can procure the emblem without examination or investigation and, therefore, is a valid exercise of the police power as applied to a municipal affair, namely, the enforcement of the business license ordinance of said city. Granting the validity of the proposition that an exercise of police power in the regulation of a municipal affair will take precedence over a State statute (cf. *Natural Milk etc. Assn.* v. *City & County of San Francisco*, 20 Cal.2d 101 [124 P.2d 25]), the argument again fails because the ordinance is not a business license ordinance. Its connection with the enforcement of the business license ordinance is entirely incidental and indirect. The fee charged is not a business license but a license upon vehicles using city streets, matters which are clearly governed by sections 9250

*Assigned by Chairman of Judicial Council.

*et seq.* of the 1959 Vehicle Code (§§ 372 et seq. of 1935 Code). Its violation is a misdemeanor and prosecution would lie independently and separately from a possible violation of the business license ordinance.

The city is correct in its contention that section 458 of the 1935 Vehicle Code does not of itself support the finding of pre-emption. This section provided that the provisions of division 9 of that code should be uniform throughout the State of California and proscribed the enactment or enforcement of ordinances by local authorities on matters covered by this division unless express authorization was granted therein. Registration and licensing of motor vehicles were provided for in division 6. However, the policy of uniformity of laws affecting taxation, regulation and control of motor vehicles throughout the State of California has long been recognized as extended to more than the traffic rules and regulations of division 9. Thus, the weight limits set forth in section 88 of the 1923 Motor Vehicle Act were held to be a pre-empted field in *Atlas Mixed Mortar Co.* v. *City of Burbank,* 202 Cal. 660 [262 P. 334] decided in 1927. The fact that in 1935 section 713 of the Vehicle Code gave municipalities express authority (subject to one exception, here of no consequence) to enact ordinances to limit use of their streets by commercial vehicles in excess of gross weights to be fixed by such ordinance does not affect the authority of the Atlas decision. (*Cf. Agnew* v. *City of Los Angeles,* 51 Cal.2d 1 [330 P.2d 385].) In the enactment of the 1959 Vehicle Code, section 458 has become section 21 and the words "this division" have been changed to the inclusive words "this code" thus providing present statutory authority for the proposition that unless express authority is granted, a local government has no authority to regulate or control any matter covered by the Vehicle Code. This is but a statutory expression of what was recognized as law in Atlas and cases therein cited and, also, what may have been recognized by the Legislature itself in its grant to local authorities by section 459, subdivision (b), of the power to license and regulate vehicles for hire, thus impliedly prohibiting the licensing of other vehicles. For the foregoing reasons we are of the opinion that the ordinance was in fact an attempt by the city to impose an additional license fee in a field pre-empted by the State and the judgment of the trial court was correct.

■ The memorandum opinion filed by the trial judge

discussed several propositions other than the single reason for the judgment as stated in the findings of fact. These propositions were discussed at length in the briefs but because an appeal is from the judgment and not from a memorandum (*Estate of Bullock*, 133 Cal.App.2d 542, p. 549 [284 P.2d 960]) the remaining propositions need not be discussed. However, nothing in this opinion is intended to hold that a revenue producing business license ordinance may not graduate its license fees according to the number of vehicles used in a business. The reasonableness of such a classification is not presently before us. Neither is the question whether or not if such a classification were validly imposed a city could require a sticker type receipt or other identifying emblem to be displayed on the vehicles of such licensees.

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied June 24, 1960, and the petition of appellant City of San Carlos for a hearing by the Supreme Court was denied July 20, 1960.