[Civ. No. 24676.   First Dist., Div. Two.   June 21, 1968.]

PACIFIC READY-MIX, INC., Plaintiff and Appellant, v. CITY OF PALO ALTO et al., Defendants and Respondents.

T. C. Carlstrom, Paul N. McCloskey, Jr., and McCloskey, Wilson, Mosher & Martin for Plaintiff and Appellant.

James A. Hildebrand, City Attorney, and Donald C. Meaney, Assistant City Attorney, for Defendants and Respondents.

SHOEMAKER, P. J.—Plaintiff Pacific Ready-Mix, Inc. appeals from a judgment refusing to enjoin defendants City of Palo Alto, its city manager, mayor, chief of police and city council, from enforcing against plaintiff an amended truck ordinance barring the use of the Oregon Avenue Expressway to vehicles exceeding a maximum gross weight of 7 tons.

Plaintiff asserts that a municipal ordinance which closes certain streets to vehicles over a specific weight is valid only if it meets two tests: (1) the city has authority to enact the ordinance in question, and (2) the ordinance is reasonable. However, plaintiff has elected not to challenge the trial court's determination that Ordinance No. 2282 was reasonable and has devoted its brief exclusively to the contention that the City of Palo Alto lacked the power or authority to enact an ordinance limiting the use of a county expressway which, according to plaintiff, cannot be deemed within the exclusive jurisdiction of the city.

Plaintiff points out that in the absence of express statutory authorization to do so, a city may not enact an ordinance establishing maximum weight limits upon its streets because the field is one pre-empted by the state. (*Atlas Mixed Mortar Co.* v. *City of Burbank* (1927) 202 Cal. 660 [262 P. 334]; *Biber Elec. Co.* v. *City of San Carlos* (1960) 181 Cal.App.2d 342, 344 [5 Cal.Rptr. 261].) ▮ Although plaintiff concedes that Vehicle Code, sections 35701 and 35702, do furnish cities with express statutory authorization to set maximum weight limits under certain specified circumstances, plaintiff denies that Ordinance No. 2282 falls within the purview of said sections. This contention cannot be sustained.

Vehicle Code, section 35701, provides in pertinent part that "(a) Any city may by ordinance prohibit the use of a street to be described in the ordinance by any commercial vehicle or by any vehicle exceeding a maximum gross weight limit to be specified in the ordinance, . . ."

Vehicle Code, section 35702, provides in part that "No

ordinance proposed under Section 35701 is effective with respect to any highway which is not under the exclusive jurisdiction of the local authority enacting the ordinance, or, in the case of any state highway, until the ordinance has been submitted by the governing body of the local authority to, and approved in writing by, the Department of Public Works. In submitting a proposed ordinance to the department for approval, the governing body of the local authority shall designate therein, an alternate route for the use of vehicles, which route shall remain unrestricted by any local regulation as to weight limits or types of vehicles so long as the ordinance proposed shall remain in effect. . . .''

Plaintiff places its reliance upon the language of section 35702 which prohibits a city from imposing increased weight limits upon any highway which is not under the ''exclusive jurisdiction'' of the city. Plaintiff reasons that since the trial court found that the Oregon Avenue Expressway was a county highway and that it was constructed in part upon a former city street which the City of Palo Alto had voluntarily relinquished to the county, the city clearly lacked exclusive jurisdiction over the expressway. Plaintiff further asserts that the city's lack of exclusive jurisdiction over the expressway is also demonstrated by certain uncontradicted evidence, as to which the court made no findings, that the expressway was maintained by the county and that although the city's police officers did enforce traffic laws on the expressway, the county bore the responsibility for regulating traffic flow and setting speed limits thereon.

Although plaintiff's reasoning appears persuasive, the courts have not adopted plaintiff's suggested construction of the term ''exclusive jurisdiction,'' as used in section 35702, but have held that said term merely imposes territorial limitations upon a city, in the sense that it may not lower the maximum weight limits upon any portion of a street or highway which is not wholly included within the boundaries of the city. However, where this territorial requirement is met and the municipal ordinance is applicable only to a street or highway wholly within the boundaries of the city, it would appear to be of no moment whether the ordinance affects a city street or a county highway.

Thus, in *McCammon* v. *City of Redwood City* (1957) 149 Cal.App.2d 421 [308 P.2d 831], the city had enacted an ordinance which established certain designated streets within the

city limits as routes for trucks exceeding a specified gross weight and prohibited the operation of such vehicles upon any other streets within the city, including a county highway, Edgewood Road. The court held the ordinance to be a valid exercise of the power expressly granted to cities under former section 713 of the Vehicle Code (now sections 35701 and 35702 of the Vehicle Code) and held that the city was under no duty to designate an alternate route and submit same to the Department of Public Works, since the ordinance did not contain any restriction upon the use of a state highway.

Since Edgewood Road continued beyond the city limits, it was contended that the ordinance had an extraterritorial effect upon traffic on county roads outside the city and that the enactment of the ordinance was therefore beyond the city's power. The court rejected this contention, stating: "However, this is not true where, as here, the State of California has expressly granted to incorporated cities the power to enact such an ordinance as to the use of the streets within its limits. Appellants rely heavily upon *Ferran* v. *City of Palo Alto,* 50 Cal.App.2d 374 [122 P.2d 965], but that case acknowledges the exception to which we have just referred, in the following language (p. 379) : 'One of the limitations upon such ordinances is that they can have no extraterritorial force *unless by express permission of the sovereign power; . . .'* (Emphasis added.) This express provision is contained in section 713 of the Vehicle Code." (*McCammon* v. *City of Redwood City, supra,* at p. 425.)

The *McCammon* holding relative to the city's power to restrict the use of county highways within its boundaries was reaffirmed in the more recent case of *Skyline Materials, Inc.* v. *City of Belmont* (1961) 198 Cal.App.2d 449, 458 [18 Cal. Rptr. 95], wherein the court stated: "Plaintiff points to the code provision that no ordinance enacted under it 'is effective with respect to any highway which is not under the exclusive jurisdiction of' the city (Veh. Code, § 713, subd. (d), now § 35702). Since Ralston originates west of the city limits of Belmont, and runs for some distance east before entering the city, it is claimed to be within this prohibition and thus beyond the jurisdiction of a restrictive ordinance. However, once Ralston does enter Belmont, it is wholly within that city. It is not a boundary street separating one city from another or from unincorporated territory and lying partially in each. Such a boundary street doubtless would be within the prohibi-

tion. We see no reason to hold that the prohibition extends to a highway which, running wholly through unincorporated territory, enters a city and from the point of such entrance is wholly within the city. A like situation was presented in *McCammon* v. *City of Redwood City, supra,* 149 Cal.App.2d 421. That case upheld the restrictive ordinance under the same code section. The precise point now raised was not specifically considered in that opinion, but the court did hold that the Redwood City ordinance was not vulnerable to attack on the ground that it had 'extraterritorial effect.' In any event, *McCammon* clearly held that truck traffic originating on a road in unincorporated territory was subject to a city ordinance limiting truck weights on the portion of the road lying within the city. *McCammon* was filed during the legislative session of 1957. Neither the 1959 nor the 1961 Legislature has seen fit to alter the statute to meet this holding, and we find no reason now to modify the rule of *McCammon.*''

Under the holdings in the *McCammon* and *Skyline* decisions, sections 35701 and 35702 of the Vehicle Code do authorize cities to restrict the use of those portions of county highways which are wholly within the city's boundaries. Since the trial court in the instant case expressly found that the Oregon Avenue Expressway was located entirely within the City of Palo Alto, Ordinance No. 2282 cannot be deemed in excess of the city's statutory authority insofar as it bars the use of the expressway to vehicles exceeding a specified weight.

Nor is this conclusion in any way weakened by the fact that the City of Palo Alto relinquished a portion of the land for the expressway to the county pursuant to division 2, chapter 9, article 5, of the Streets and Highways Code (§§ 1720-1732). Section 1729 expressly provides that ''The police power of a city with reference to a county highway within the city shall not be limited except as to those matters specifically provided for in this article.'' Although section 1730 does limit the city's power to enact certain specific types of ordinances affecting county highways established pursuant to article 5, Ordinance No. 2282 clearly does not fall within the purview of this section.

Judgment affirmed.

Agee, J., and Taylor, J., concurred.