## GLENNVILLE BANK v. DELOACH et al.

1. Where on the trial of a case one of the jurors is disqualified because of relationship to the party in whose favor the verdict is rendered, and such relationship is unknown to the losing party and his counsel, and their ignorance is not the result of negligence, such facts will afford ground for the jurisdiction of a court of equity to set aside a verdict rendered by a court, which could not entertain a motion for a new trial.
2. Where trover was brought by the maker of a note, upon which appeared the names of several indorsers, to recover the note from one in possession thereof, who acquired possession before the note was due, and the trial took place after the note was due, the action being based upon the contention that the defendant did not obtain possession of the note legally and that the plaintiff was entitled to recover, a juror related within the prohibited degree to an indorser of the note would be disqualified to serve as a juror, just as if he had been related in the same degree to the plaintiff.
3. The court erred in admitting evidence of a secret understanding between one of the indorsers upon the note and the maker, who was also the payee, to the effect that the indorser would not be bound unless a certain number of other indorsers were secured; though the evidence might be admissible if it were shown that the person in possession of the note had knowledge of such understanding and agreement before obtaining the paper.
4. Grounds taken in the motion for setting aside the verdict, not urged in the brief of counsel, are not considered.

No. 2938. September 19, 1922.

Petition for injunction. Before Judge Sheppard. Evans superior court. October 22, 1921.

The Glennville Bank filed an equitable petition against R. E. DeLoach and others, and alleged as follows: DeLoach instituted in the city court of Reidsville, against the Glennville Bank, an action of bail-trover for the recovery of two promissory notes for two thousand dollars each, signed by DeLoach as maker, payable to himself, and indorsed by one Kicklighter and several others; DeLoach averring in that action that he held the legal title as well as the right of possession of the notes, and that the Glennville Bank was in possession of the notes and refused to deliver them to DeLoach. The case proceeded to trial in the city court of Reidsville before a jury of six, that number being all the jurors that could be empaneled to try the case, under the law existing at that time. The trial resulted in a verdict for the plaintiff. Under the law then existing, relative to the city court of Reidsville, wherein the trial of all cases before a jury in that court restricted the number of jurors before whom cases would be

tried to six, the city court of Reidsville was not a city court within the meaning of the constitution, and it had no jurisdiction or power to entertain a motion for a new trial; and the defendant was put to the necessity of proceeding by some other method to obtain a new trial. One ground upon which the bank excepted to the verdict and judgment was that one of the jurors who tried the case was related to W. T. Kicklighter, one of the indorsers of the notes, within the degree which would disqualify the juror (the relationship being then unknown to the bank and its counsel), the indorser being, as the bank contended, directly affected by the result of the trial; and the conditions being such that this ground could not be taken advantage of by a writ of certiorari to the superior court, nor by motion to set aside the judgment, the bank brought this petition to the superior court of Evans County (wherein the plaintiff in trover and all except one of the indorsers reside), and prayed that the verdict and judgment be set aside and a new trial be granted on the grounds set forth in the petition; and that an injunction be granted, restraining De-Loach and the sheriff of the city court of Reidsville from enforcing the judgment rendered in that court.

Upon the hearing, at chambers, the court refused an interlocutory injunction and dissolved the restraining order theretofore granted; and the petitioner excepted.

*J. T. Grice, A. S. Way,* and *Daniel & Durrence,* for plaintiff.
*Anderson & Hodges,* for defendants.

BECK, P. J. (After stating the foregoing facts.)

1. The ruling made in the first headnote needs no elaboration. The question is settled by the decision in the case of *Gulf Refining Co.* v. *Miller,* 151 *Ga.* 721 (108 S. E. 25).

2. Applying the principle ruled in headnote 2, under the facts of this case as stated above, the juror shown to be related to one of the indorsers of the note was disqualified; and that disqualification, being unknown to the defendant and his attorneys until after the verdict, was ground for setting aside that finding.

3. The ruling made in headnote 3 requires no elaboration.

4. Certain alleged error in the charge of the court is made one of the grounds for setting aside the verdict; but this is not urged or referred to in the brief of counsel for the plaintiff in error, and is therefore not considered here.

*Judgment reversed. All the Justices concur.*