SAMUEL C. TAYLOR, *Plaintiff in Error,* v. ABEL J. ROB-
ERTS, CHIEF OF POLICE, *Defendant in Error.*

## Opinion filed December 12, 1922.

1. The power to pass ordinances regulating traffic on the
streets is vested in the City Council of Jacksonville and not
in the City Commission.

2. The provision of the charter of the City of Jacksonville
which vests in the City Council the right to pass ordinances
"to accomplish the object of this incorporation" confers the
power to protect the safety of the people as one of the inci-
dental police powers of the city directly resulting from its
incorporation into a municipality.

3. The provision of the charter of the City of Jacksonville that
the City Council shall have power to pass ordinances "to
license, tax and regulate hackney carriages, carts, omnibuses,
wagons and drays," the purpose of which was to·vest in the
City Council control over these vehicles in the use of the
streets, vested in the City Council full power to regulate all
the then known classes of vehicles using the streets, and the
subsequent use of them by a new and different kind of ve-
hicle warrants the extension of this power to the control of
automobiles.

4. From the power to regulate all the known classes of vehicles
at the time of the enactment of Chapter 3775, Acts of 1887,
together with the provisions of the charter empowering the
city to pass ordinances "to accomplish the object of this in-
corporation," flows the implied power to regulate other
classes of vehicles that may come into general use in after
years.

5. The power inherent in every municipality to protect life and
insure public safety, will support all reasonable ordinances,
rules and regulations adopted by the proper authority for the
regulation of the use of public streets by automobiles.

6. Under both the express and implied powers of the City of Jacksonville, ordinances passed for the purpose of preventing congestion, with the consequent danger thereof at a locality such as the Union Station, and for a distance on Bay Street for two blocks either way, and prohibiting parking within a certain designated area in that locality, are not only reasonable regulations, but necessary to the safety of the public.

7. The organization and government of municipalities, particularly with regard to the regulation and control of traffic on streets, necessarily contemplates a certain power and discretion being vested in the police officers in carrying into effect the ordinances of the city, and if the rules and regulations adopted by the police under the authority vested in them by the ordinances, are within the express general purpose of the ordinance and tend to make them effective, they are not subject to the criticism that they are an unlawful delegation of authority.

8. An ordinance authorizing police officers to prescribe the places where omnibuses, hacks or other vehicles should stand at a railroad depot, and requiring drivers to obey the directions of police officers in regard to the places which their respective vehicles should occupy, is a proper regulation, and one which the municipal authorities have power to enact.

A Writ of Error to the Circuit Court for Duval County, Daniel A. Simmons, Judge.

Judgment affirmed.

*Miles W. Lewis,* for Plaintiff in Error;

*P. H. Odom* and *L. W. Strum,* for Defendant in Error.

BROWNE, C. J.—Samuel C. Taylor was convicted in the Municipal Court of Jacksonville for violation of the traffic ordinances of the city, and sentenced to pay a fine of

$5.00.   He was taken in custody by the Chief of Police of the City of Jacksonville, and sued out writ of *habeas corpus*.   On a hearing before the Circuit Judge for Duval County, he was remanded to the custody of the Chief of Police to be dealt with according to the judgment of the municipal court.   From this judgment he seeks reversal here on writ of error.

It is contended by the plaintiff in error, (1) that the City Council was without authority to pass the ordinances for the violation of which he was convicted; (2) that they were an unreasonable exercise of power; and (3) that they constituted an unlawful delegation of power to the Chief of Police.

The contention with regard to the first proposition is that Section 8 of Article 5, Chapter 3775, Acts of 1887, vests with the Board of Public Works, and not in the City Council, the "exclusive power and control over the construction, supervision, cleaning, repairing, grading and improving of all streets, alleys, avenues, lanes," etc., and that the powers vested in the Board of Public Works by that act, are now vested in the City Commission.

We do not think the language of the charter warrants that contention.   The control of the City Commission over the streets is limited to the "construction, supervision, cleaning, repairing, grading and improving," the streets, alleys, etc.

Section 4 of Article 3 of Chapter 3775, vests in the Mayor and the City Council the power "to pass all ordinances necessary for the health, convenience and safety of the citizens, and to carry out the full intent and meaning of this act, and to accomplish the object of this incorporation."

' From these and other provisions of Section 4 of Article 3 of Chapter 3775, it appears that the power to pass ordinances regulating traffic is vested in the City Council and not in the City Commission, as the ordinances complained of have a direct bearing upon the "convenience and safety" of the people. Even without the express author-. ity of the charter "to pass all ordinances necessary for the health, convenience and safety of the citizens," the provision which vests in the City Council the right to pass ordinances "to accomplish the object of this incorporation" would vest in it the power to protect the safety of the people, as that is one of the. incidental police powers of the city, directly resulting from its incorporation into a municipality. Mernaugh v. City of Orlando, 41 Fla. 433, 27 South. Rep. 34; Porter v. Vinzant, 49 Fla. 213, 38 South. Rep. 607; Patterson v. Taylor, 51 Fla. 275, 40 South. Rep. 493; State ex rel. Ellis v. Tampa Water Works Co., 56 Fla. 858, 47 South. Rep. 538; Waller v. Osban, 60 Fla. 268, 52 South. Rep. 970.

There is a further provision of Section 4 of Article 3, Chapter 3775, that the City Council shall have power to pass ordinances "to license, tax and regulate hackney carriages, carts, omnibuses, wagons and drays," the purpose of which was to vest in the City Council the control over these vehicles in their use of the streets. Automobiles at that time were not in use, but the purpose of this provision was to vest in the City Council full power to regulate all the then known classes of vehicles using the streets, and the subsequent use of the streets by a new and different kind of vehicle, warrants the extension of this power to the control of the autómobile by the City Council.

From the power to regulate all the known classes of vehicles at the time of the. enactment of Chapter 3775,

Acts of 1887, together with the provisions of the charter empowering the city to pass ordinances to accomplish the object of the incorporation, flows the implied power to regulate other classes of vehicles that come into general use in after years.

The public streets have never been used by any vehicle that are as dangerous to the public as the automobile, and the power inherent in every municipality to protect life and insure public safety, will support all reasonable ordinances, rules and regulations adopted by the proper authority for such purpose. It seems, therefore, quite clear that both under the express and implied powers of the City of Jacksonville, it had the power to enact the ordinances complained of, and that they were passed for the purpose of preventing congestion, with the consequent danger thereof, at a locality such as the Union Station and for a distance on Bay street for two blocks either way, as this is a locality used by large numbers of people seeking ingress and egress to the Union Station, the prevention of congestion, by prohibiting parking within that area, is not only a reasonable regulation, but one necessary to the saftey of the public.

It is contended, however, that vesting in "the Chief of Police with the approval of the Mayor" the authority to regulate traffic at the Union Station and at any point within a radius of two blocks thereof, or at any other congested portion of the city, is an unlawful delegation of power to the Chief of Police. The power vested in the Chief of Police was an administrative and not a legislative power.

The organization and government of municipalities, particularly with regard to the regulation and control of traffic on streets, necessarily contemplates a certain power and discretion being vested in the police officers in carrying into effect the ordinances of the city, and if the rules

and regulations adopted by the police under the authority vested in them by the ordinances, are within the express general purpose of the ordinance and tend to make them effective, they are not subject to the criticism that they are an unlawful delegation of authority. State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969, 32 L. R. A. (N. S.) 639; State ex rel. Niles v. Smith, 62 Fla. 93, 57 South. Rep. 426.

In the case of Veneman v. Jones, 118 Ind. 41, 20 N. E. Rep. 644, the court said: ''There can be no question but that the ordinance authorizing the depot marshal to prescribe the places where omnibuses, hacks or other vehicles should stand at the railroad depot and requiring drivers to obey the directions of police officers in regard to the places which their respective vehicles should occupy, was a proper regulation, and one which the Municipal authorities had the power to pass.'' See also annotations to State ex rel. Makris v. Superior Court of Pierce County (Wash.) 12 A. L. R. 1428, and Yee Bow v. City of Cleveland, 99 Ohio St. 269, 124 N. E. Rep. 132, 12 A. L. R. 1424, and note.

We find that the City Council, and not the City Commission, is vested with the power to pass ordinances regulating traffic on the streets, alleys, avenues, etc., of the City of Jacksonville; that under the charter it had power, express and implied, to pass the ordinances under consideration, and that empowering the Chief of Police, with the approval of the Mayor, the duty to prohibit parking on such portions of the city as the council may designate as congested portions of the city, is not a delegation of legislative power.

The judgment of the Circuit Court is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.