23551. STOKES *v.* McNEAL.

*Eli B. Hubbard, Alexander S. Boone Jr.,* for plaintiff in error.
*Victor Davidson, George H. Carswell,* contra.

Sutton, J. The defendant owned certain land. In order to secure money borrowed from Mrs. Lindsay, he executed to her his security deed to the land. He defaulted in payment of the money and Mrs. Lindsay exercised the power of sale contained in the security deed and sold the land, buying it herself. The defendant contends that thereupon Mrs. Lindsay agreed that he might stay upon said land, paying the interest on the principal debt and all costs of the foreclosure, and at the end of five years he could pay the balance of principal due and she would deed the land to him. This the defendant contends he did for three years. In 1932, Mrs. Lindsay conveyed said land by warranty deed to Mrs. McNeal. Mrs. McNeal instituted dispossessory proceedings against the defendant under section 5383 of the Civil Code of 1910. The defendant arrested said proceedings by affidavit denying that he held possession of said land as a tenant, and averring that he held possession as a purchaser from Mrs. Lindsay. The plaintiff contended that this was untrue, that the defendant remained in possession under Mrs. Lindsay as a tenant, agreeing to pay her $75 per year rent for the land, which he had not done. The trial of the issue thus formed resulted in a verdict for the plaintiff. One of the jurors who tried the case was a first cousin of Mrs. Lindsay. It appeared that neither the defendant nor his counsel knew of this until after the trial, or could have discovered it by the exercise of ordinary diligence. The defendant moved for a new trial upon various grounds, including the ground that one of said jurors was incompetent, being so related to Mrs. Lindsay, the warrantor of title of Mrs. McNeal, the plaintiff. The court overruled the motion for a new trial, and to this judgment the defendant excepts.

1. A juror is incompetent if related within the prohibited degree to a person beneficially interested in the result of the litigation, although not a party of record. *McElhannon* v. *State,* 99 *Ga.*

672 (26 S. E. 501); *Roberts* v. *Roberts,* 115 *Ga.* 259, 263 (41 S. E. 616, 90 Am. St. R. 108); *Fordham* v. *State,* 148 *Ga.* 758 (98 S. E. 267); *Glennville Bank* v. *DeLoach,* 154 *Ga.* 218 (113 S. E. 802); 35 C. J. 319, § 333. It is apparent that Mrs. Lindsay is interested in the result of this litigation. She conveyed the land to the plaintiff. The defendant contested the dispossessory proceedings instituted against him by the plaintiff upon the ground that he occupied the land under a contract of purchase between Mrs. Lindsay and himself; and should this be true, and should the defendant pay to Mrs. Lindsay the sum agreed upon at the end of the five years, then he would be entitled to a deed to said land. In this event Mrs. Lindsay, having conveyed said land to the plaintiff and warranted the title thereto, would be subject to an action for breach of warranty by the plaintiff. It necessarily follows that a juror related to Mrs. Lindsay within the prohibited degree was incompetent to sit upon the trial of said case, and that the court should have granted a new trial upon this ground.

2. None of the other assignments of error are meritorious.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*