## 24206.  HALL v. PONDER.

STEPHENS, J.  1.  Where in a suit to recover damages alleged to have been sustained by the plaintiff as a result of a collision between the plaintiff's automobile and the automobile of the defendant at a street intersection, the defendant in his plea alleges generally that the accident was caused by the plaintiff's negligence, without specifically alleging wherein the plaintiff was negligent, but specifically alleges that the plaintiff, after going more than half way across the intersecting street, speeded up his automobile and ran at a rate of speed of 40 miles an hour, the plea is one in which it is alleged that the plaintiff was guilty of negligence in the speed at which he was operating his automobile. The court therefore did not err, upon the ground that the evidence was irrelevant and not authorized by the pleadings, in admitting evidence offered by the defendant consisting of an ordinance of the city in which the alleged accident occurred, which made it unlawful for one traveling along the street upon which the plaintiff was traveling at the time and place to operate an automobile at a rate of speed in excess of 20 miles an hour.

2. The motor-vehicle act of 1927 (Ga. L. 1927, p. 226, 237, § 12(g)), which provides that the operator of a vehicle shall have the right of way over the operator of another vehicle who is approaching from the left of an intersecting highway, applies within the limits of municipalities. See *Petty* v. *Moore,* 43 *Ga. App.* 629 (159 S. E. 728). Although by the express terms of the act, as contained in section 19, the act shall not "be construed as changing or interfering with any regulation or ordinance which has heretofore or may hereafter be adopted by any municipality of this State, regulating the running or operation of motor-vehicles described in this act," its provisions are applicable where they are not in conflict with any municipal regulation or ordinance. Where the municipal regulation or ordinance is not by its terms in conflict with the act, but where the regulation or ordinance can be given a construction consistent with the act and can be put into application consistently with the application of the provisions of the act, the act, notwithstanding the

existence of the regulation or the ordinance, is applicable within the limits of the municipality. A provision of a municipal ordinance that a particular highway within the limits of the city is constituted a "boulevard," and that vehicles approaching from an intersecting street in which a stop sign has been erected where the street intersects with the "boulevard" must come to a full stop before entering the "boulevard," and there is nothing in the ordinance respecting a right of way to any of the vehicles, is not inconsistent with a provision of the State law which gives to the operator of an automobile coming from an intersecting street the 1ight of way over the operator of an automobile from his left and approaching along the other street. The automobile required by the municipal ordinance to come to a full stop before entering the boulevard may nevertheless, in entering the boulevard, have the right of way over the vehicle approaching along the boulevard from the left. *Petty* v. *Moore*, supra. The decision in *Brown* v. *Sanders*, 44 *Ga. App.* 114 (160 S. E. 542), is not in conflict with this ruling. The ratio decidendi of that decision is that, irrespective of which vehicle where streets intersect with a boulevard is entitled to the right of way at intersecting streets, but assuming that the party coming into a boulevard from an intersecting street has not the right of way, the right is a relative one "only, and is determinable by the relative positions of the approaching vehicles, their relative speed, and other attending circumstances." The court therefore, notwithstanding the existence of the municipal ordinance referred to, did not err in giving in charge the provisions of the State statute referred to. The charge was adapted to the issues made by the pleadings and the evidence.

3. This suit being for the recovery of damages for personal injuries to the plaintiff and also for damage to his automobile as a result of a collision with the automobile of the defendant, and there being evidence of a physician who examined the plaintiff after the injury that the plaintiff's injuries were slight, and there being evidence that the plaintiff's automobile before it was damaged was worth from $50 to $75 and that the plaintiff after it was damaged sold it for $30, and there also being evidence that the plaintiff was negligent in the operation of the automobile, the verdict found for the plaintiff in the sum of $50 is not in a sum less than that demanded by the evidence.

4. The court therefore did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 22, 1935.

*Henry L. Barnett, Joseph M. Lang,* for plaintiff.

*Y. A. Henderson,* for defendant.