24441. HENNEMIER *v.* MORRIS.

DECIDED SEPTEMBER 21, 1935.

*Ernest J. Haar, John M. Slaton,* for plaintiffs in error.

*Abrahams, Bouhan, Atkinson & Lawrence,* contra.

MacIntyre, J. For a former decision in this case see *Hennemier* v. *Morris,* 48 *Ga. App.* 840 (173 S. E. 924). Only the second headnote will be discussed. The plaintiff in error complains that the judge erred in giving in charge to the jury section 12-g of the motor-vehicle act of 1927 (Ga. L. 1927, p. 226-240), declaring that "an operator of a vehicle shall have the right of way over the operator of another vehicle who is approaching from the left in an intersecting highway, but shall give the right of way to an operator of a vehicle approaching from the right on an intersecting highway," for the reason that under section 19, declaring that "nothing contained in this act shall be construed as changing or interfering with any regulation or ordinance which has heretofore or may hereafter be adopted by any municipality of this State, regulating the running or operation of motor-vehicles described in this act," the ordinance of the City of Savannah, declaring that "every driver of a motor or other vehicle, approaching an intersecting way, shall grant the right of way at point of intersection to vehicles approaching from his right, provided that such vehicles are arrived at the point of intersection at approximately the same instant, etc.," took precedence of the provisions of the act of 1927 quoted above, and therefore the charge excepted to subjected the plaintiff in error to the violation, and liability therefor, of a statute not applicable to the case. We can not agree to this contention of counsel. A municipality is only a subordinate part of the State. All control exercised by a municipality over its streets must therefore, of necessity, be subordinate to the control exercised by the State. The Supreme Court, in *Shannon* v. *Martin,* 164 *Ga.* 876 (139 S. E. 671, 54 A. L. R. 1246), held, in construing the motor-vehicle act of 1921, that the term "highways" as used in section 2 did not include "streets" of a municipal corporation, and it is true that the subdivision of section of the act of 1927 (§ 12-g), here under consideration, makes use of the word "highway;" yet this court in *Petty* v. *Moore,* 43 *Ga. App.* 629 (159 S. E. 728), construing another subdivision of this same section (12-i) of the act, distinguished the ruling in the *Shannon* case, on the ground of the

different language of the two acts, and held the word "highway" to include "streets" in a municipality. This court later, following the distinction made in the *Petty* case of the *Shannon* case, held the very subdivision of section 12 (12-g) now under consideration to be applicable to "streets." *Hall* v. *Ponder,* 50 *Ga. App.* 627 (supra). See *Smeltzer* v. *Atlanta Coach Co.,* 49 *Ga. App.* 755 (6) (176 S. E. 846).

Conceding, but not deciding, that the contention is correct that if there is a conflict in the act of 1927 and any valid ordinance of a municipality the municipal ordinance will prevail, in view of section 19 of the act, which expressly says that the act shall not "be construed as changing or interfering with any regulation or ordinance which has heretofore or may hereafter be adopted by any municipality of this State regulating the running or operation of motor vehicles described in this act," this principle would not apply in the instant case, for the reason that there exists no conflict. *Hall* v. *Ponder,* supra. The acts seem not to conflict, but to be practically identical, so that a violation of one would be a violation of the other. See *Smeltzer* v. *Atlanta Coach Co.,* supra. The fact that another ordinance may require the party approaching the "boulevard" to stop before entering thereon does not, as pointed out in 50 *Ga. App.* 627, supra, make the two provisions conflict. We therefore think, in view of the fact that plaintiff in his petition alleged a violation of the State law in this regard, and relied on it as a ground of negligence, and introduced evidence in support thereof, that the judge did the proper thing in giving it in his charge to the jury.

No ground of the motion for new trial shows cause for reversal of the judgment.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*