## 34436. SHIPMAN *v.* JOHNSON.

Decided January 17, 1953—Rehearing denied February 4, 1953.

*G. Seals Aiken,* for plaintiff in error.

*Hudson & LeCraw,* contra.

GARDNER, P. J. The court properly overruled the general demurrers. The plaintiff alleged facts which, if proven, would authorize a jury to find that the defendant was negligent. She alleged that she was on a through highway or street; that she entered into the intersection at a lawful speed; and that the defendant, who was on her left and over whom she had the right of way at this intersection, failed to heed a stop signal placed at the intersection on the street on which he was traveling and drove into said intersection and struck her car on the left with his truck, and injured her. She pleaded two city ordinances showing that it was the duty of the defendant to heed such stop sign, and also that the plaintiff had the right of way at this intersection, and she alleged that the defendant failed to comply with such ordinances and as a result thereof ran his truck into her automobile and injured her. The plaintiff also alleged that under the State law (Code, § 68-303(g)) she had the right of way over him at said intersection, and that it was negligence for the defendant to drive onto same without yielding to her the right of way. "An operator of a vehicle shall have the right of way over the operator of another vehicle who is approaching from the left in an intersecting highway, but shall give the right of way to an operator of a vehicle approaching from the right on an intersecting highway." Code, § 68-303(g). This statute has been held to apply within the corporate limits of municipalities. *Hall* v. *Ponder,* 50 *Ga. App.* 627 (179 S. E. 243); *Tyson* v. *Shoemaker,* 83 *Ga. App.* 33 (62 S. E. 2d, 586). "A failure to yield the right of way to one entitled to it is negligence per se." *Tyson* v. *Shoemaker,* supra. The municipal ordinance pleaded by the plaintiff required the defendant to stop at the stop sign placed at this intersection by the city authorities, and it was negligence for the defendant to fail to stop, and to proceed on across the inter-

section striking the left side of the plaintiff's automobile, as alleged. "The rule of the Code, § 68-303 (g), and like municipal ordinances, giving the right of way to automobiles approaching intersecting highways from the right, applies not only where the automobiles arrive at the intersection simultaneously or at practically the same time, but also where under all the circumstances, including the distances and speeds of the two cars, the driver of the automobile on the left should reasonably apprehend that a collision will occur unless he yields the right of way. Except in plain and clear cases, it is for the jury to determine whether such a situation existed, and whether the driver on the left violated the rule." *Laseter* v. *Clark,* 54 *Ga. App.* 669 (2) (189 S. E. 265); *Sweet* v. *Awtry,* 70 *Ga. App.* 334 (28 S. E. 2d, 154). Questions of negligence, contributory negligence, proximate cause and the like, are to be determined by the jury under proper instructions by the court and the court should not undertake to solve them except in plain and undisputable cases which clearly leave nothing to be determined by the jury. See *Rowe* v. *Camp,* 45 *Ga. App.* 794 (165 S. E. 894).

Contributory negligence is an affirmative defense. *Woolworth Co.* v. *Wood,* 32 *Ga. App.* 575 (2) (124 S. E. 110); *Watts* v. *Colonial Stages Co.,* 45 *Ga. App.* 115, 119 (163 S. E. 523). The plaintiff is not required to negative in his petition such negligence. *Sims* v. *Martin,* 33 *Ga. App.* 486 (8) (126 S. E. 872); *Doby* v. *W. L. Florence Construction Co.,* 71 *Ga. App.* 888, 894 (32 S. E. 2d, 527). As held in the *Doby* case: "The petition sets forth acts of negligence which make a jury case as to the defendants' negligence. It was not necessary for the plaintiff to negative his own want of care, nor was it necessary for him to allege what acts were done by him in the exercise of care. This would be a matter of affirmative defense, and if the petition, having alleged such acts of negligence by the defendants does not affirmatively disclose facts which demand, not merely authorize, a conclusion that the plaintiff, by the exercise of ordinary care, could have avoided the negligence of the defendant, a general demurrer should not have been sustained."

The petition here sufficiently charged negligence on the part of the defendant, and it does not affirmatively appear therefrom that her injuries were the result of her own negligence,

or that, after discovering the negligence of the defendant, she failed to exercise due care to prevent the consequences of the defendant's negligence—that is, failed to exercise ordinary care for her own safety—and the trial court properly overruled the general demurrers.

The petition was not subject to the special demurrers urged and overruled. The plaintiff amended her petition and met the ground of special demurrer sustained. The trial court did not err in overruling the general and special demurrers to the amended petition, and did not err in its ruling of October 2, 1952, excepted to pendente lite, overruling the general demurrers to the petition and overruling all special demurrers, save one, and directing the plaintiff to amend, which she did.

*Judgment affirmed.* *Townsend and Carlisle, JJ., concur.*