34985. SHIPMAN *v.* JOHNSON.

Decided February 9, 1954.

*G. Seals Aiken,* for plaintiff in error.

*Hudson & LeCraw,* contra.

TOWNSEND, J. ■ Code (Ann.) § 59-716 provides in part as follows: "All trial jurors in the courts of this State shall be disqualified to act or serve, in any case or matter, when such juror is related by consanguinity or affinity to any party interested in the result of the case or matter." Code § 59-704 provides in part: "In civil cases . . . in the superior court, each party may demand a full panel of 24 competent and impartial jurors from which to strike a jury. . ." It is well settled that stockholders of an insurance company which carries liability insurance indemnifying a party to an action from a judgment against it in that case are "interested in the result of the case" and not qualified to serve as jurors, and that to conceal such disqualification would "abridge the right of a plaintiff to pursue the lawful procedure in the selection of a jury"; and that this is true whether actual injury resulted or not. *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544 (2) (174 S. E. 131). See also *Rogers* v. *Mc-Kinley,* 52 *Ga. App.* 161 (182 S. E. 805) ; *Reynolds* v. *Satterfield,* 86 *Ga. App.* 816 (72 S. E. 2d 811). Here, the situation is different, in that the insured is not a party to this action. The case is materially different also from *Lewis* v. *Williams,* 78 *Ga. App.* 494 (51 S. E. 2d 532), in which the jury was sought to be qualified as to employees and stockholders of Georgia Power Company (not a party to the suit, but contended by one of the parties to have been, through its agent, the sole proximate cause of the collision), in that a verdict in that case for the defendant would not have adjudicated any rights or liabilities of Georgia Power Company. Similarly, in *Central Georgia Power Co.* v. *Nolen,* 143 *Ga.* 776 (2), 779 (85 S. E. 945), where several similar actions based on the creation or maintenance of a nuisance were filed by different plaintiffs against the same defendant, and the objection was to relatives of plaintiffs in other suits serving on

the jury in the case on trial—the court held: "Relatives of parties to a case within the prohibited degree are disqualified to sit as jurors therein. But the mere fact that the principles decided in one case may in some collateral way be beneficial to a party in another case, or that evidence similar to that in the first case might be introduced in the later case . . . does not disqualify the kindred of the plaintiff in the later case from sitting as jurors in the first case."

On the other hand, in *Stokes* v. *McNeal*, 48 *Ga. App.* 816 (173 S. E. 879), it was held that relationship of a juror "to a person beneficially interested in the result of the litigation" was ground for granting a new trial where it appeared that the juror was related to one from whom the defendant in a dispossessory proceeding claimed to have a contract of purchase, under which circumstances the defendant, should he lose the suit, and should he fulfill the contract by tendering the sums due thereunder, would have had an action for breach of warranty against such party. In *Glennville Bank* v. *DeLoach*, 154 *Ga.* 218 (2) (113 S. E. 802), on a trover action by the maker of a note, the relationship of one of the indorsers of the note to a juror, although such indorser was not a party to the suit, was held ground for reversal. It is ground for reversal of a felony conviction that an attorney assisting the solicitor-general is paid by an insurance company interested in the result of the case because of policies held by the murder victim, where certain jurors held policies in the same insurance company. *Gossett* v. *State*, 201 *Ga.* 809 (41 S. E. 2d 308). Relatives of contributors to a fund for the apprehension and prosecution of a coconspirator of the defendant are disqualified to serve as jurors, even though no part of the fund was used to apprehend or prosecute the defendant. *Harris* v. *State*, 188 *Ga.* 745 (4 S. E. 2d 651). As stated in *Temples* v. *Central of Ga. Ry. Co.*, 15 *Ga. App.* 115 (3) (82 S. E. 777): "Where the evidence discloses facts from which bias or interest is to be inferred, the court must take judicial notice of the fact that the juror will most probably act in accordance with the bias disclosed." · In that case it was held reversibile error for an employee of a corporation in which the defendant was a minority stockholder to serve on the jury.

Recognizing that, had William Johnson been a party to this

action, it would have been reversible error to fail to qualify the jury on request as to his liability-insurance carrier, and recognizing further that a third party may under certain circumstances be so "beneficially interested in the result of the litigation" as to be disqualified—it remains to be seen what interest the insurance carrier and its stockholders would have had in the case at bar. In *Roadway Express* v. *McBroom*, 61 *Ga. App*. 223 (1) (6 S. E. 2d 460), it was held: "Where the liability, if any, of the master to a third person is purely derivative and dependent entirely upon the principle of respondeat superior, a judgment on the merits in favor of the agent or servant is res judicata in favor of the principal or master though he was not a party to the action. This rule is an exemplification of the broader rule by which one whose liability is wholly derivative may claim the benefit of a judgment in favor of the person from whom his liability is derived, if not based on grounds applicable only to the latter." See also *Giles* v. *Smith*, 80 *Ga. App*. 540, 543 (56 S. E. 2d 860). William Johnson's liability, if any, being based entirely upon the acts of the plaintiff in the present action, it is obvious that he, and therefore his insurance carrier under its indemnity contract, will be concluded by the present action to the same extent as though Johnson were in fact a party to such action. Accordingly, there is no logical process by which it can be said that the opposite party, Shipman, would not suffer from failure to qualify the jury here as to stockholders of the insurance carrier, in exactly the same degree, if any, that he would have been harmed had Johnson been in fact a party to this action. What would be error in the one event must equally be error in the other. The trial court erred in overruling the motion to purge the jury, as herein set out.

■ Exceptions pendente lite were preserved to an amendment of the plaintiff pleading ordinances, sections 88-401 and 88-803 of the City Code of Atlanta. Special ground 7 of the amended motion for new trial complains of the charge on these ordinances as well as another on the same grounds, and special ground 11 complains of the introduction of evidence in regard thereto. These grounds and assignments of error are accordingly considered together.

■ The City Code of Atlanta, sections 88-803 and 88-401,

authorizes the city traffic engineer to determine and designate intersections where particular hazard exists, other than through streets, and to cause to be erected stop signs and traffic-control signs where needed. It is contended that these ordinances are too vague and indefinite to be enforceable, and that they are in violation of art. I, sec. I, par. XXIII of the Constitution of the State of Georgia (Code, Ann., § 2-123) in attempting to delegate to a non-legislative employee of the city certain legislative, executive, and judicial powers. The ordinances in question are not violative of this constitutional provision, since the latter applies to State, not to municipal, functions. *Ford* v. *Mayor &c. of Brunswick*, 134 *Ga.* 820 (68 S. E. 733). Nor are the ordinances in question too vague, indefinite, or unreasonable, either within themselves or in their application to the facts of this case, to permit of enforcement. Staley *v.* Vaughn, 92 Col. 6 (17 Pac. 2d 299); Borum *v.* Graham, 4 Cal. App. 2d 331 (40 Pac. 2d 866); City of Cleveland *v.* Gustafson, 124 Ohio 607 (180 N. E. 59); Taylor *v.* Roberts, 84 Fla. 654 (94 So. 874).

■ As to city code sections 88-805 and 88-920 (a), there were special demurrers to the paragraphs of the original petition pleading these ordinances, and it was held on a former appearance of this case in this court (*Shipman* v. *Johnson*, 87 *Ga. App.* 538, 74 S. E. 2d 557), that the petition was not subject to general or special demurrer. It is therefore the law of the case that the paragraphs setting out the ordinances were not subject to special demurrer for any reason included in such attack; and it is obviously too late, upon the trial of the case, to object to their being introduced in evidence for other reasons which might have been included in such attack but were not.

■ There was a further objection to the plaintiff's amendment on the ground that "there is no such thing as common-law negligence in disobeying a stop sign illegally placed." This contention is answered unfavorably to the movant in *Tyson* v. *Shoemaker*, 208 *Ga.* 28 (65 S. E. 2d 163).

■ The remaining grounds either show insufficient reason for reversal, or the conditions therein complained of are unlikely to recur on another trial. Since the case is again to be tried, the general grounds are not passed upon, there being no reason to assume that on another trial the evidence will be the same. ·On

account of the error pointed out in division 1 hereof, the trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*