## 38412. GATLING v. THE STATE.

CARLISLE, Judge. 1. In the trial of one charged with larceny after trust, whether any of the prosecuting witnesses' creditors were pressing him for money is not material as tending to show motive for the prosecution. Whether or not the prosecuting witness was indebted to anyone, the extent of such indebtedness and the status of the indebtedness as to whether due or in arrears, would not in and of itself show or tend to show an improper motive for prosecuting the case against the defendant. The sole issue in such a case is whether the defendant with the intent to defraud has misappropriated money with which he has been entrusted, and the mere fact that the prosecuting witness may be indebted to other parties would have nothing to do with that issue. It follows that such evidence sought to be elicited from the prosecuting witness by counsel for the defendant on cross-examination was properly excluded on objection by the solicitor that it was irrelevant, and such exclusion did not unduly restrict the right of cross-examination.

2. In the prosecution of one charged with larceny after trust under the provisions of *Code Ann.* § 26-2812 in the misappropriation of money advanced to him under a contract for the construction of certain houses, whether or not the defendant could have properly used some of such money so advanced for living expenses could have been shown by the introduction of evidence showing the terms of the contract under which such money was advanced. It was not proper to show this by eliciting from the prosecuting witness on cross-

examination his opinion on this issue, and the trial court did not err in refusing to permit counsel for the defendant to question the witness as complained of in the second special ground of the motion for a new trial. Since such testimony was properly excluded, the failure of the trial court to afford counsel for the defendant an opportunity to argue the admissibility of such testimony was not harmful to the defendant and affords no ground for reversal of the case.

3. The third special ground of the motion complains of error because the trial court, as it is contended therein, first granted leave to a witness for the State, the sheriff who was on the stand testifying, to be excused to secure certain papers which had not been subpoenaed but were in his office, and thereafter withdrew such permission. This ground fails to show that any motion was made for a recess or a continuance in order to afford the witness the opportunity of procuring the papers and bringing them to court or that any ruling of the court in this regard was properly invoked by a motion of counsel for the defendant. Under these circumstances no question is presented for decision by this court as to any ruling of the court in this regard.

4. The sixth and final special ground of the motion for a new trial (grounds 4 and 5 being abandoned in this court) assigns error on portions of the charge in which the court instructed the jury that the gist of the charge against the defendant was that he had received money for the purpose of paying for materials furnished for the improvement of real estate and did not pay such money to one of the suppliers of material because such charge failed to instruct the jury that the failure to pay must have been with the intent to defraud. Elsewhere in the charge the court instructed the jury that the defendant was indicted under the provisions of *Code Ann.* § 26-2812, and he instructed the jury by reading that section, which concludes with the provision that, "A failure to pay for the material or labor so furnished shall be prima facie evidence of intent to defraud." " 'The instructions of the court must be read together as one connected whole, to ascertain whether they correctly declare the law. The omission or inaccuracies of one instruction may be cured by the contents of other instructions, or some of them; and if, when the instructions of the court are considered as a whole,

they correctly state the law and are not inconsistent or misleading, the fact that a particular instruction or isolated paragraph may be objectionable, as inaccurate or misleading, will not constitute ground for reversal.' 1 Randall on Instructions to Juries, 975, § 533. 'Though a particular instruction taken alone may be open to the criticism that it required a given qualification, yet where it plainly appears that elsewhere in the charge this very qualification of the doctrine laid down in such instruction was so distinctly and clearly stated as that the jury were not misled as to the true law, the giving of the instruction will not require the granting of a new trial.' *City Council of Augusta v. Tharpe,* 113 Ga. 153 (2) (38 S. E. 389)." *Hennemier v. Morris,* 51 Ga. App. 760 (181 S. E. 602). When the charge complained of in this ground is read in its context, it is clear that the jury were not misled and that they understood that the failure of the defendant to pay money for the materials purchased in the construction of the houses must have been with intent to defraud. The trial court did not err in overruling this ground of the motion for a new trial.

5. The evidence showed that the defendant received money from the prosecuting witnesses as advance payments due on certain houses he was constructing under a contract with them, that he paid some of the money due to the material supplier but failed to pay some $6,900 due for such materials and, apparently, abandoned his contract, went to Florida, and later to Texas where he was apprehended. This evidence authorized the jury to find that the defendant was guilty under the provisions of *Code Ann.* § 26-2812 as charged, and the verdict of the jury finding him guilty on each of the five counts was authorized by the evidence.

*Judgment affirmed. Gardner, P. J., Townsend and Frankum, JJ., concur.*

DECIDED JULY 15, 1960.

*J. Carlton Ivey,* for plaintiff in error.
*Harold R. Banke, Solicitor-General,* contra.